UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHELE MORSE,<br>    Plaintiff,<br>v.<br>COSTCO WHOLESALE CORPORATION,<br>    Defendant. | Case No. 2:25-cv-01485-ART-NJK<br>**Order**<br>[Docket No. 16] |

Pending before the Court is a stipulation to extend case management deadlines. Docket No. 16.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). "The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 (D. Nev. 2022). The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue. *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012).

"[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609.  When diligence has not been shown in support of an extension request, "the inquiry should end." *Id.*[1]  Although the Court may consider the joint nature of a stipulation to extend, "[t]hat a request is made jointly neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief." *Williams*, 627 F. Supp. 3d at 1178.

The instant stipulation is the parties' first request for an extension of case management deadlines.  Docket No. 16.  The parties request a 90-day extension.  *Id.*  The scheduling order in this matter was entered on October 14, 2025, *see* Docket No. 15, and the parties have not demonstrated diligence in conducting discovery through this period.  *See* Docket No. 16 at 3-4.  Contrary to their submission that they "have been diligently moving discovery forward," the parties have conducted almost no affirmative discovery to date.  *See* Docket No. 16 at 3-4.  Further, the parties submit that a 90-day extension is needed to obtain outstanding medical records, retain experts, schedule depositions, and discuss possible settlement.  *See id.* at 3-5.  However, these reasons are insufficient, without more, to establish good cause for the lengthy extension requested.  *See Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1179-82 (D. Nev. 2022)).

Nonetheless, in an effort to resolve this case on its merits, and as a one-time courtesy to the parties, the Court will afford the parties a 30-day extension of the subject deadlines. Accordingly, the Court **GRANTS in part** and **DENIES in part** the parties' stipulation.  Docket No. 16.  Case management deadlines are **RESET** as follows:

- Initial expert disclosures:  January 12, 2026
- Rebuttal expert disclosures:  February 11, 2026
- Discovery cutoff:  March 9, 2026
- Dispositive motions:  April 10, 2026

---

[1] The Ninth Circuit has emphasized the importance of scheduling orders, *see Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2011) (collecting cases), and has stated bluntly that Rule 16 scheduling orders must "be taken seriously," *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).

- Joint proposed pretrial order: May 11, 2026, or 30 days after resolution of dispositive motions

IT IS SO ORDERED.

Dated: December 9, 2025

                                                                                     _____
Nancy J. Koppe
United States Magistrate Judge